UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:18-cr-572 2S (04) |
| | § | |
| JOSE NUNEZ-ARELLANO, | § | |
| Defendant. | § | |

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Richard W. Bennett, Assistant United States Attorney, and the defendant, Jose Nunez-Arellano ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count Four of the Second Superseding Indictment. Count Four charges the defendant with Conspiracy to Harbor and Transport Illegal Aliens in violation of Title 8 U.S.C. §§1324(a)(1)(A)(v)(I), (a)(1)(A)(ii), (a)(1)(A)(iii), and (a)(1)(B)(i). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the second superseding indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for each violation of Title 8 USC §§1324 (a)(1)(A)(V)(I), 1324(a)(1)(A)(ii), 1324(a)(1)(A)(iii) and 1324 (a)(1)(B)(i), is up to 10 years' imprisonment and a fine of not more than $250,000.00.  Additionally, Defendant may receive a term of supervised release of not more than 3 years.  *See* Title 18, United States Code, sections

3559(a)(3) and 3583(b)(2).   Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for up to two years, without credit for time already served on the term of supervised release prior to such violation.   *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3).   Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3.   Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction.   The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4.   Defendant recognizes that pleading guilty may have consequences with respect to his immigration status.   Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future.   Defendant understands that if he is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States.   Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

2

**Waiver of Appeal and Collateral Review**

5.   Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final.   Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255.   Defendant's knowing and voluntary waiver of the right to appeal or collaterally attack the conviction and sentence includes waiving the right to raise on appeal or on collateral review any argument that (1) the statute(s) to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute(s).   In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6.   In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court.   Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court.   The United States does not make any promise or representation concerning what sentence the defendant will receive.

3

Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

7.    Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreements

8.    The United States agrees to each of the following:

(a)    If Defendant pleads guilty to Count Four of the second superseding indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the second superseding indictment at the time of sentencing;

(b)    If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

## Agreement Binding - Southern District of Texas Only

9.    The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the second superseding indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for

the Southern District of Texas will bring this plea agreement and the full extent of Defendant's

cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

10.   The United States reserves the right to carry out its responsibilities under guidelines

sentencing.   Specifically, the United States reserves the right:

(a)      to bring its version of the facts of this case, including its evidence file and
any investigative files, to the attention of the Probation Office in connection with
that office's preparation of a presentence report;

(b)      to set forth or dispute sentencing factors or facts material to sentencing;

(c)      to seek resolution of such factors or facts in conference with Defendant's
counsel and the Probation Office;

(d)      to file a pleading relating to these issues, in accordance with section 6A1.2
of the United States Sentencing Guidelines and Title 18, United States Code,
section 3553(a); and

(e)      to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

11.   Defendant is aware that the sentence will be imposed after consideration of the United

States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the

provisions of Title 18, United States Code, section 3553(a).   Defendant nonetheless acknowledges

and agrees that the Court has authority to impose any sentence up to and including the statutory

maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be

imposed is within the sole discretion of the sentencing judge after the Court has consulted the

applicable Sentencing Guidelines.   Defendant understands and agrees that the parties' positions

regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence

imposed is within the discretion of the sentencing judge.   If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

12.   Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement.   Defendant understands that the rights of a defendant include the following:

(a)      If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel.   The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)      At a trial, the United States would be required to present witnesses and other evidence against Defendant.   Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them.   In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf.   If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c)      At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify.   However, if Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

13.   Defendant is pleading guilty because he is in fact guilty of the charge contained in Count Four of the second superseding indictment.   If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt.   The following facts, among others would be offered to establish Defendant's guilt:

Information gathered from an illegal alien stash house investigation on August 23, 2018, led agents to obtain another illegal alien smuggling stash house.  In October 2018, agents began conducting surveillance at 11911 Aggie Lane, in Houston, Texas, where they observed activity indicative of an alien smuggling operation, such as multiple vehicles dropping people off and picking them up at the residence.

On November 28, 2018, HSI special agents executed a federal search warrant at the stash house.  During the execution of the search warrant agents apprehended the Defendant along with other co-conspirators, Joel Osornio-Cruz, and Paulino Rios-Garcia.  Special agents also found two Indian nationals and four Guatemalan nationals that were being held in a small bedroom in the detached garage in the back of the residence.  During the search, special agents seized three pistols, one shotgun, one riffle, ammunition, over $11,000 U.S. dollars in cash, multiple cellphones, and four vehicles all used in furtherance of the illegal alien smuggling scheme.  The illegal aliens were later interviewed and processed by immigration authorities.

During the interview, one Indian national stated that he travelled from India to El Salvador, where he hired an alien smuggler to smuggle him into the U.S. for a $8,000 U.S. dollar fee that he did not pay in advance.  He identified the co-conspirators as participating in this alien smuggling scheme by acting as a brush guide and the other guarded the aliens, wrote their names down in a book, and gave them food.  He also stated that upon arriving at the house they entered a garage and they were ordered them to take off their wet shoes and clothes, and taken into an adjacent room where they stayed all the time until apprehended.  The material witness identified the Defendant as a smuggler in this conspiracy.

Agents also interviewed the co-conspirators who identified the Defendant from a photo lineup and described him as the person he was working for to pay off his own smuggling debt. He admitted that the Defendant would give him money to buy food for the aliens.  The other co-conspirator identified the Defendant from a photo lineup as the person he was working for to pay off his smuggling debt from two months prior.  He stated the Defendant offered him work cooking and washing clothes for the aliens.

The Defendant provided a statement and admitted he was known as "Manuel" and that he became involved in alien smuggling approximately seven months prior.  He also admitted to picking up illegal aliens in San Antonio for money during this conspiracy.

The facts set forth herein, are a summary of the Defendant's actions, and are not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the Defendant's plea to the offense set forth in Count Four of the Second Superseding Indictment.

Based on the number of aliens found at the stash house, the government agrees that the Defendant smuggled[7] between 25-49 aliens.

AJH  J  N/A  PB

**Breach of Plea Agreement**

14.    If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand.   If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution.   Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

**Restitution, Forfeiture, and Fines – Generally**

15.    This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

16.    Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement.   Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security

8

information.   Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

17.   Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer.   Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

18.   Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

## Restitution

19.   Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction.   Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s).   Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment.   Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

## Forfeiture

20.   Defendant stipulates and agrees that the property listed in the Second Superseding Indictment's Notice of Forfeiture, in the Notice of Additional Properties Subject to Forfeiture (Doc. No. 59), and in any other supplemental notices is subject to forfeiture, and Defendant agrees

9

to the forfeiture of that property.   Defendant waives any and all rights to notice of seizure/forfeiture and other procedural requirements for forfeiture and specifically admits (a) that the currency listed in item #2 in the Second Superseding Indictment's Notice of Forfeiture constitutes or is derived from proceeds of the conspiracy charged in Count Four and (b) that the property listed in items #3-#12 in the Notice of Additional Properties Subject to Forfeiture (Doc. No. 59) was used or intended to be used to facilitate the commission of the offenses charged in Count Four.   Defendant acknowledges that items #2 - #12 in the Second Superseding Indictment and Notice of Additional Properties Subject to Forfeiture (Doc. No. 59) have been administratively forfeited by U.S. Customs & Border Protection.

21.   Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

22.   Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

23.   Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

**Fines**

24.   Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any.   Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay

10

payment.   Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

25.   This written plea agreement, consisting of 14 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel.   No promises or representations have been made by the United States except as set forth in writing in this plea agreement.   Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

26.   Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on November 15, 2019.

X Joe
_____
Defendant

Subscribed and sworn to before me on November 15, 2019.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: M. Frees
_____
Deputy United States District Clerk

11

APPROVED:

Ryan K. Patrick
United States Attorney

By: _____        _____
Richard W. Bennett                          Alexander Houthuijzen , Esq.
Assistant United States Attorney            Attorney for Defendant
Southern District of Texas
Telephone: 713-567-9000

12

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 4:18-cr-572 2S (04)** |
| | § | |
| **JOSE NUNEZ-ARELLANO,** | § | |
| **Defendant.** | § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending second superseding indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____          11-15-19
Attorney for Defendant                                    Date

13

I have consulted with my attorney and fully understand all my rights with respect to the second superseding indictment pending against me.   My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case.   I have read and carefully reviewed every part of this plea agreement with my attorney.   I understand this agreement and I voluntarily agree to its terms.

X _____                     _11-15-19_____
JOSE NUNEZ-ARELLANO                                                  Date
Defendant